**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25877-CIV-KUNTZ**

**GERALD SILVENE**,

Plaintiff,

v.

**DEPARTMENT OF HOMELAND SECURITY**,

Defendant.

_________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Gerald Silvene for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "**Petition**") [ECF 1]. On August 18, 2026, U.S. Immigration and Customs Enforcement (ICE) detained the petitioner, an alien, who filed the Petition two days later on grounds difficult to understand. *See generally id.* To that end, the Petition twice invokes Due Process without describing how the circumstances of confinement warrant release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or the Fifth Amendment. *Id.* at 6. Previously, in 2000, the petitioner received a sentence of seven years imprisonment in Florida, and in 2021, release on the order of supervision (OSUP), which ICE recently revoked. *See id.* at 6 and 10. After careful review of the record and being otherwise fully advised in the premises, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court… entertaining an application for a writ of habeas corpus shall forthwith award the writ or… direct[] the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant… is not entitled thereto."). Put differently, "[f]ederal courts are authorized to dismiss summarily any habeas petition

that appears legally insufficient on its face" *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Here, the petitioner merely cites *Zadvydas*, whose holding—that the Fifth Amendment bars indefinite detention for aliens who do not appear to be removable—does not afford him any relief. *See Zadvydas*, 533 U.S. at 690–96. No facts alleged support a determination of unlawful detention or defeat the government's legitimate interests in areas such as combating flight risk, which *Zadvydas* does not disturb (and the Supreme Court has not limited). *Id*. at 690. ICE has lawfully detained the petitioner for less than two weeks [ECF 1 at page 2]. Moreover, alien detainees have no right to an individualized bond hearing for at least the first six months pending removal under *Demore v. Kim*, 538 U.S. 510 (2003). *See also Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026). Furthermore, even "[a]fter this 6–month period [elapses]," the alien still needs to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Overall, the Petition fails, especially where it appears to contend that aliens are entitled to work permits as a matter of Due Process. *See id*. at 6. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED WITHOUT PREJUDICE**. Should an amended petition be filed, it must be filed by **September 14, 2026**. Otherwise, the Clerk of Court must **CLOSE** this case and **DENY AS MOOT** all pending motions.

DONE in Chambers in Fort Lauderdale, Florida on this 31st day of August 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record